**AUSTIN, State Com'r of Banking, v. SISK.**
(No. 900—4651.)

(Commission of Appeals of Texas, Section A. Jan. 12, 1927.)

Bills and notes &#9750;537(3)—Whether note sued on was executed as accommodation for bank or for officer thereof individually held for jury.

In action on note, evidence *held* to present question of fact for jury, as to whether note involved was executed by defendant as accommodation to bank or as accommodation to vice president thereof individually, and charge instructing verdict for defendant erroneous.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Charles O. Austin, Commissioner of Banking of Texas, against R. O. Sisk. Judgment for defendant was affirmed by the Court of Civil Appeals (283 S. W. 535), and plaintiff brings error. Reversed and remanded.

Fairchild & Redditt, of Lufkin, for plaintiff in error.

W. O. Seale, of Lufkin, for defendant in error.

BISHOP, J. This is a suit by plaintiff in error, Chas. O. Austin, commissioner of banking, having in charge the Citizens' Guaranty State Bank of Lufkin, Tex., to recover upon a promissory note in the principal sum of $1,000 payable to said bank and executed by defendant in error, R. O. Sisk, of date December 4, 1923. Sisk in his answer alleged that the note sued on was without consideration and was a renewal of a note executed by him about June, 1922, as a matter of accommodation to the bank. Verdict was instructed for defendant in error, Sisk, and judgment rendered thereon was by the Court of Civil Appeals affirmed. 283 S. W. 535.

On trial evidence was adduced to the effect that, on December 7, 1921, Sisk executed his note payable to the bank in the principal sum of $800 due 90 days after date. The plaintiff in error offered in evidence the following notes, executed by Sisk and payable to the bank, to wit: One for $800 of date March 8, 1922, due 4 months after date; one for $1,000 of date February 10, 1923, due 6 months after date; and one for $1,000 of date December 4, 1923, it being the note upon which this suit was instituted. Sisk testified that these three notes were executed by him as accommodation to the bank and, without other consideration, on the request of G. R. Thompson, who was the bank's active vice president.

R. C. Jordan, cashier of the bank, testified as follows:

"I testified yesterday that I was cashier of the Citizens' Guaranty State Bank of Lufkin, Tex. I testified yesterday about having a conversation with Mr. R. O. Sisk along in the spring of 1924. As to my telling the jury whether or not Mr. Sisk told me that this $1,000 note was an obligation of Mr. G. R. Thompson and an accommodation to Mr. Thompson, I will state that Mr. Sisk said this note was not his, and that it was an accommodation of Mr. Thompson. I had several conversations with Mr. Sisk—one, two, or three —about it. He never did at any time tell me that he loaned his note to the bank; he never intimated it even. I know now whether or not the bank got any benefit from this note; I did not know yesterday, but I looked it up. I never even looked it up before, because Mr. Sisk told me it was an accommodation to Mr. Thompson; so I did not know yesterday. Since then I have referred to my records. When the note was raised from $800 to $1,000 the $200 went to the personal credit of Mr. Thompson. This is the bills receivable book that I have. I have turned to the account of R. O. Sisk. This record shows that this note first

came into the assets of the bank on December 7, 1921, for the amount of $800; that note is No. 5224, and was due 90 days from date, making it due on March 7, 1922. As to what note took the place of that one, I will state that there is another $800 note; this note was renewed on March 8, 1922, and is note No. 5563, for the sum of $800; this is the note that was introduced in evidence yesterday. This note was due on July 8, 1922. That note was renewed into note No. 6334, and was raised from $800 to $1,000; that was a difference of $200. Mr. G. R. Thompson's personal account was credited with that difference of $200. This note was due on February 10, 1923, and on that date this note was renewed for $1,000. I guess that note is still in there; we have it in the bank, and is this note No. 11701. That note is unpaid. The bank did not get that money at all. I know who got that money; it went to Mr. G. R. Thompson's credit."

This evidence presents an issue of fact as to whether the note involved in this suit was executed by Sisk as accommodation to the bank, or whether it was executed for the purpose of accommodating Thompson individually and the bank paid value therefor. This issue should have been submitted to the jury.

The charge instructing a verdict was erroneous, and we recommend that the judgments of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. Judgment of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.